**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 7 |
| EDUCATION MANAGEMENT II LLC, | Case No. 18-11494 (LSS) |
| Debtor. | |
| In re: | Chapter 7 |
| EDUCATION FINANCE III LLC, | Case No. 18-11499 (LSS) |
| Debtor. | |
| In re: | Chapter 7 |
| EDUCATION MANAGEMENT CORPORATION, | Case No. 18-11500 (LSS) |
| Debtor. | |
| In re: | Chapter 7 |
| EDUCATION MANAGEMENT HOLDINGS II LLC, | Case No. 18-11501 (LSS) |
| Debtor. | |
| In re: | Chapter 7 |
| HIGHER EDUCATION SERVICES II LLC, | Case No. 18-11503 (LSS) |
| Debtor. | |
| In re: | Chapter 7 |
| SOUTH UNIVERSITY RESEARCH II LLC, | Case No. 18-11513 (LSS) |
| Debtor. | |

| | |
|---|---|
| In re: | Chapter 7 |
| THE ART INSTITUTES INTERNATIONAL II LLC, | Case No. 18-11546 (LSS) |
| Debtor. | |

**Objection Deadline: August 17, 2018 at 4:00 p.m. (Eastern time)**
**Hearing Date: September 21, 2018 at 10:00 a.m. (Eastern time)**

### OBJECTION OF GEORGE L. MILLER, CHAPTER 7 TRUSTEE, TO PROOFS OF CLAIM FILED BY U.S. BANK, NATIONAL ASSOCIATION AS ADMINISTRATIVE AGENT ON BEHALF OF ITSELF AND EACH SECURED CLAIMANT IN THE ABOVE-CAPTIONED DEBTORS' CASES

George L. Miller, interim chapter 7 trustee (the "Trustee") to the estates of the above-captioned debtors and affiliated debtors listed on **Exhibit B** attached hereto (the "Debtors"), hereby objects (the "Objection") to the claims (the "Claims") of U.S. Bank National Association ("U.S. Bank") as administrative agent and collateral agent under that certain Credit and Guaranty Agreement, dated as of January 5, 2015 (as amended, restated, supplemented or otherwise modified from time to time, and including any and all annexes, exhibits and schedules thereto, collectively, the "Credit Agreement"), by and among Education Management II, LLC, Education Management Corporation, Education Management Holdings II, LLC and certain subsidiaries, as Guarantors (collectively, the "Credit Parties"), filed seven (7) identical proofs of claim against the above-captioned Debtors listed on **Exhibit A,** attached hereto. In further support of this Objection, the Trustee respectfully represents as follows:

### Jurisdiction and Venue

1.   This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b), and the

Trustee confirms his consent pursuant to Local Rule 9013-1(f) to the entry of a final order by the Court in connection with this objection to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

2. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

3. The bases for the relief requested herein are section 502 of Title 11 of the United States Code (the "<u>Bankruptcy Code</u>") and Rule 3007 of the Federal Rules of Bankruptcy Procedure (the "<u>Bankruptcy Rules</u>").

**Background**

4. On June 29, 2018 (the "<u>Petition Date</u>"), the above-captioned Debtors each commenced a case by filing a voluntary petition for relief in this Court under chapter 7 of the Bankruptcy Code (collectively, the "<u>Cases</u>"). George L. Miller was appointed as the Interim Chapter 7 Trustee by the Office of the United States Trustee (the "<u>U.S. Trustee</u>")

5. The 11 U.S.C. § 341 Meeting of Creditors is scheduled for August 3, 2018 at 11:00 a.m.

**U.S. Bank Proof of Claims**

6. The Claims assert that, as of the Petition Date, the Debtors were and are still liable on account of the following Obligations[1] under the Credit Agreement for: (i) the aggregate outstanding principal amount of $566,890,806.20; (ii) accrued and unpaid interest in the aggregate amount of not less than $31,919,878.40; (iii) unpaid fees in the aggregate amount of not less than $963,102.19: (iv) reimbursement of costs and expenses; (v) indemnification

---

[1] Capitalized terms not otherwise defined herein shall have their meaning as set forth in the Claims.

obligations in an as yet undetermined amount; and (vi) any other obligations owed from time to time by the Debtors pursuant to the Credit Agreement and related Credit Documents

7. The Claims assert that "any and all amounts at any time due and owing by the Debtors to the Claimant and the Secured Parties under the Credit Documents are secured by fully perfected liens on the Collateral." Claims, ¶4.

8. The Claims further assert that on June 25, 2018, in accordance with the Section 9-620 of the Uniform Commercial Code and the Credit Documents, and pursuant to that certain Partial Strict Foreclosure Agreement, the Agent foreclosed upon, and took title to and possession of, all of the Surrendered Collateral in partial satisfaction of the indebtedness due and owing under the Credit Agreement. The Claims fail to provide what amount of the indebtedness, if any, was partially satisfied by the Agent's foreclosure on the Surrendered Collateral. The Agent asserts an unsecured, unliquidated, deficiency claim **in excess** of $599,464,848.37.

## Objection

9. Pursuant to section 502(a) of the Bankruptcy Code, any claim for which a proof of claim has been filed under section 501 of the Bankruptcy Code shall be deemed allowed unless a party in interest objects. If an objection is filed, the Court, upon notice and a hearing, shall determine the proper and appropriate amount of such claim. *See* 11 U.S.C. § 502(b).

10. When asserting a proof of claim against a bankrupt estate, a claimant must allege facts that, if true, would support a finding that the debtor is legally liable to the claimant. *In re Allegheny Int'l, Inc.*, 954 F.2d 167, 173 (3d Cir. 1992); *Matter of Int'l Match Corp.*, 69 F.2d 73, 76 (2d Cir. 1934) (finding that a proof of claim should at least allege facts from which legal liability can be seen to exist). Where the claimant alleges sufficient facts to support its

claim, its claim is afforded prima facie validity. *In re Allegheny Int'l, Inc.*, 954 F.2d at 173. A party wishing to dispute such a claim must provide evidence in sufficient force to negate the claim's prima facie validity. *Id.* In practice, the objecting party must produce evidence that would refute at least one of the allegations essential to the claim's legal sufficiency. *Id.* Once the objecting party produces such evidence, the burden shifts back to the claimant to prove the validity of his or her claim by a preponderance of the evidence. *Id.* The burden of persuasion is always on the claimant. *Id.*

11. Here, U.S. Bank has not met its burden of proof to establish the validity of the Claims. Indeed, U.S. Bank has not even established the amount of such claims or that the Claims are secured. Instead it has filed an unliquidated claim that is purportedly both secured and unsecured.

12. First, each of the Claims, in part 9 of Official Form 410, asserts that they are "Partially Secured/Partially Unsecured." The basis of U.S. Bank's purported secured claim is the "first priority security interest in and continuing lien on all of the Debtors' right title, and interest to and under all of the Collateral." Claims, ¶4. In paragraph 5 of Annex A to the Claims, U.S. Bank asserts a contingent, unliquidated claim based on outstanding principal of $566,890,806.20, accrued and unpaid interest in the amount of $31,919,878.40 and unpaid fess of not less than $963,102.19, together with reimbursement of costs and expenses and indemnification obligations.

13. U.S. Bank also asserts, in paragraph 9, that following the exercise of the Agent's (and Credit Parties') rights to foreclose on its purportedly secured liens, the "Claimant"

has an unsecured deficiency claim in excess of $599,464,848.37. Thus, the Agent has filed an unliquidated, "partially secured, partially unsecured" claim in excess of $599 million.

14. Despite referencing the Credit Agreement, Credit Documents and the exercise of its rights to foreclose on the Collateral, U.S Bank fails to provide any summary, itemization, breakdown or application of the amounts that were generated from exercise of the Agent's rights to foreclose on the Surrendered Collateral pursuant to the Partial Strict Foreclosure Agreement. Moreover, the Trustee has not had an opportunity to determine whether U.S Bank's and the Credit Parties' liens are valid and enforceable. Accordingly, it is impossible for the Trustee to determine at this juncture what amounts of the Claims, if any, are secured, and in turn what amounts are unsecured. In sum, the Claims are unliquidated.[2]

15. Of course, creditors without any idea of how much their claim is may file an "unliquidated" proof of claim, i.e., one without an amount owed. However, only a properly filed proof of claim constitutes prima facie evidence of the validity and amount of the claim. Fed. R. Bankr. P. 3001(f); *see also In re Broadband Wireless International Corp*., 295 B.R. 140, 145 (B.A.P. 10th Cir. 2003); *In re Lyndell Drop Forge Company*, 111 B.R. 137, 142-43 (Bankr. W.D. Mich. 1990). A properly filed proof of claim is a claim that sets forth the validity and amount of that claim. Fed. R. Bankr. P. 3001(f); *In re Fergus Falls Woolen Mills Company*, 41 F. Supp. 355, 364 (D. Minn. 1941). A proof of claim that does not set forth a "liquidated amount" is not a properly filed proof of claim and, therefore, it is not entitled to be considered as prima facie evidentiary proof. *In re Lyndell Drop Forge Company*, 111 B.R. at 142. U.S. Bank has failed to support the validity of the amount of its claims. Despite having foreclosed on its

---

[2] Schedule D filed by the Debtors lists U.S. Banks's claims as "unliquidated" and the value of the collateral supporting U.S. Bank's claim is "unknown."

collateral, U.S. Bank relies on unsubstantiated amounts and values and asserts claims in excess of $599 million.  Accordingly, the Claims should be denied in their entirety.

### Reservation of Rights

16. The Trustee expressly reserves his right to amend, modify or supplement this objection and to file additional objections to the Claims, including, but not limited to filing objections to the Claims if asserted against any of the affiliated Debtors listed on **Exhibit B** attached hereto.  Should one or more of the grounds of objection stated herein be overruled, the Trustee reserves the right to object to such Claims on any other ground that bankruptcy or non-bankruptcy law permits.

### Notice

17. Notice of this Claims Objection has been given to the following parties, or in lieu thereof, to their counsel, if known:  (i) the Office of the United States Trustee; (ii) parties requesting notice under Bankruptcy Rule 2002; and (iii) U.S. Bank.  The Trustee submits that, in light of the nature of the relief requested, no other or further notice need be given.

## **Conclusion**

18. For the foregoing reasons, the Trustee respectfully requests that this Court enter an order, substantially in the form attached hereto as **Exhibit C**, disallowing the Claims.

Dated: August 3, 2018                                   PACHULSKI STANG ZIEHL & JONES LLP

*/s/ Bradford J. Sandler*
Bradford J. Sandler (DE Bar No. 4142)
Colin R. Robinson (DE Bar No. 5524)
919 N. Market Street, 17th Floor
P O Box 8705
Wilmington, DE  19899 (Courier 19801)
Telephone:  (302) 652-4100
Facsimile:   (302) 652-4400
Email:      bsandler@pszjlaw.com
                 crobinson@pszjlaw.com

[Proposed] Counsel to George L. Miller, Chapter 7 Trustee